Gary M. CHESSER, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 96–688.

United States Court of Veterans Appeals.

Argued June 2, 1998.

Decided Oct. 14, 1998.

Michael E. Wildhaber, with whom Peter J. Wymes was on pleadings, for appellant.

Ron Garvin, Assistant General Counsel, with whom John H. Thompson, Acting General Counsel; Joan E. Moriarty, Deputy Assistant General Counsel; and Todd A. Sinkins were on pleadings, for appellee.

Barton F. Stichman for National Veterans Legal Services Program as amicus curiae.

Kenneth M. Carpenter for National Organization of Veterans' Advocates, Inc., as amicus curiae.

Before IVERS, STEINBERG, and GREENE, Judges.

STEINBERG, Judge:

The appellant, Vietnam combat veteran Gary M. Chesser, appealed through pro bono counsel Peter J. Wymes, a February 27, 1996, decision of the Board of Veterans' Appeals (Board or BVA) that had found no clear and unmistakable error (CUE) (under 38 C.F.R. § 3.105(a)) in a November 1969 Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) decision. On July 21, 1997, the parties filed a joint motion for remand of the CUE issue and to dismiss the appeal as to the remaining issues; the Clerk of the Court granted the joint motion in an unpublished order on July 29, 1997. The appellant then filed a timely application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). He has since filed two supplemental motions to amend the application. For the reasons that follow, the Court will grant the amended application in part and deny it in part.

## I. Background

On August 11, 1997, the appellant filed an application for attorney fees and expenses totaling $15,619.99 under the EAJA; the appellant claimed 119.5 hours of attorney fees at $128.55 per hour ($15,361.73) and $258.26 in expenses. On September 9, 1997, the Secretary filed a motion for an extension of time to file his response to the appellant's EAJA application. On September 11, 1997, the appellant filed a motion that sought to have his EAJA application considered as unopposed, and on September 12, 1997, he filed an opposition to the Secretary's motion for an extension of time. On September 22, 1997, the Court granted the Secretary's motion and held in abeyance the appellant's motion to have his application considered as unopposed. The Secretary filed his response on October 24, 1997. On December 5, 1997, the Court granted a motion by the National Organization of Veterans' Advocates, Inc.

(NOVA), to file a brief as amicus curiae. The appellant filed his reply to the Secretary's response on January 9, 1998, and on January 20, 1998, the Court granted a motion by the National Veterans Legal Services Program (NVLSP) to file a brief as amicus curiae. NOVA's brief was filed on January 23, 1998, and NVLSP's brief was filed on February 3, 1998. On April 22, 1998, Michael E. Wildhaber, Esq., entered an appearance on behalf of the appellant. On June 2, 1998, the Court held oral argument on the EAJA application.

Subsequent to oral argument, the Court concluded that additional pleadings were needed. On June 18, 1998, the Court ordered the appellant to file a supplement to his EAJA application that more particularly itemized the hours expended on particular tasks and explained whether, as an exercise in billing judgment, any reduction had been made in the hours claimed (*see Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). *Chesser v. West*, 11 Vet.App. 247, 249 (1998). The Court also sought any supplement to the EAJA application seeking fees for work performed after the filing of the initial application, and permitted a reply by the Secretary. *Ibid.*

The appellant filed his response on July 2, 1998. In his response, he stated that the total number of hours expended by his attorney was 129.5 and that 10 hours had been eliminated, as an exercise in billing judgment, from the original EAJA application. The appellant also eliminated an additional 14.4 hours in his response, bringing the total number of hours claimed to 105.1. The appellant thus sought $13,510.61 in EAJA fees at this point. On July 17, 1998, he filed a supplement to his EAJA application and identified an additional 160.85 hours expended by attorney Wymes and 52.75 hours expended by attorney Wildhaber (totaling 213.6 hours) on EAJA matters subsequent to the filing of the initial application. As an exercise of billing judgment, that total was reduced by approximately 50 hours, or about 23 percent, to 163.825, at a rate of $129.98 per hour, for a total of $21,293.97 in attorney fees related to the litigation over the EAJA

application. The appellant also sought an additional $689.56 in expenses. The total EAJA fees claimed is thus $34,804.58, and the total claimed for expenses is $947.82. On August 3, 1998, the Secretary filed a surresponse to the appellant's response and supplements; in his surresponse, the Secretary argues that 19.14 of the hours of attorney fees claimed by the appellant for researching issues "unrelated" to those on appeal were expended in unproductive legal research and that the fees for fees should be reduced by 50% due to special circumstances. The appellant filed a motion seeking an opportunity to respond to the Secretary's surresponse, and, on August 6, 1998, the Court denied that motion.

## II. Analysis

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F) as amended by section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992). The appellant's August 11, 1997, EAJA application was filed within the 30–day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and has satisfied any jurisdictional content requirements that apply thereunder, because the application contained the following: (1) A showing that, by virtue of the Court's remand, he is a "prevailing party" within the meaning of the EAJA (28 U.S.C. § 2412(d)(2)(B); *Stillwell v. Brown*, 6 Vet. App. 291, 300–01 (1994)); (2) a showing, by attaching a declaration stating that at the time that his appeal was filed his net worth was less than $2,000,000, so that he is a party eligible for an award under the EAJA (28 U.S.C. § 2412(d)(2)(B)); (3) an assertion that the position of the Secretary was not substantially justified (28 U.S.C. § 2412(d)(1)(A)); and (4) an itemized statement of the fees sought (now totaling $34,-804.58 in fees and $947.82 in expenses) supported by affidavits from the appellant's counsels. *See Bazalo v. Brown*, 9 Vet.App. 304, 310 (1996) (en banc), *rev'd sub nom. Bazalo v. West*, 150 F.3d 1380, 1384 (Fed.Cir. 1998) (concluding that showing of net worth not jurisdictional requirement).

The Secretary's response specifically states that he does not contest the following: (1) That the appellant is a "prevailing party"; (2) that the appellant is a party eligible for an award; and (3) that the Secretary's position was not substantially justified. Response at 2. Further, he asserts that "[t]here are no 'special circumstances' as defined by 28 U.S.C. § 2412(d)(1)(A)" that would make an EAJA award unjust in this case as to the fees sought for the merits, *see, e.g., Doria v. Brown,* 8 Vet.App. 157, 162–63 (1995). Response at 2. The Secretary does not contest the hourly amount sought for the award of EAJA fees. Response at 11. However, he later asserts, responding to the appellant's supplemental itemization pursuant to this Court's June 18, 1998 order, that there are special circumstances that make an EAJA award unjust, in part, as to the fees sought for pursuing the EAJA application [hereinafter fees for fees]. *See* Surreponse at 3. As to the fees sought for the litigation on the merits, the Secretary contests primarily the reasonableness of the fees sought and the allocation of the burden in showing or contesting such reasonableness. Specifically, he argues that the Court is required to address what constitutes a reasonable fee in the instant case, that the burden is upon the appellant to show that the claimed hours expended were reasonable, and that the appellant has failed to satisfy this burden. The Secretary appended 39 exhibits to his principal response to the EAJA application; the exhibits consist primarily of EAJA applications to this Court in other cases, showing the itemization of hours claimed for particular tasks. The Secretary uses these exhibits to support his argument that the number of hours expended on similar tasks in the instant case is unreasonable. In his surresponse to the appellant's response to the Court's June 18, 1998, order, the Secretary seeks to exclude as unreasonable fees for 19.14 hours claimed by the appellant for researching issues "unrelated" to those on appeal. As to the fees for fees, he argues that special circumstances warrant a 50% reduction in those fees.

### A. Court's Obligation and Appellant's "Burden"

The Court will address first the Secretary's argument that in individual cases the

Court has "eschewed" its duty to review the reasonableness of fees sought before the Court and had done so both by limiting its review of reasonableness and by dismissing the Secretary's argument that a given fee was unreasonable without substantial explanation. Br. at 8 (relying on Court's opinions in *Moore (Craig) v. Gober,* 10 Vet.App. 436, 441–42 (1997); *Ussery v. Brown,* 10 Vet.App. 51, 54 (1997); and *Sandoval v. Brown,* 9 Vet.App. 177, 181 (1996)). He argues, in sum, that the Court has erroneously placed the burden on the Secretary to rebut an attorney's itemization of hours that the Court has presumed reasonable. We find the Secretary's position to be without merit.

In *Ussery,* the Court stated: "Once it is determined that a claimant is entitled to an EAJA award, the Court still must determine what is a 'reasonable' fee". *Ussery,* 10 Vet. App. at 53. The Court found the following factors to be appropriate for consideration in determining the reasonableness of a fee request:

[T]he Court must look to "the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate." *Elcyzyn [ v. Brown,* 7 Vet.App. 170, 177 (1994) ] (citing *Hensley* [, 461 U.S. at 433, 103 S.Ct. 1933] ). In determining the number of hours which were "reasonably spent," the Court may consider a number of factors, including whether the work performed was duplicative, if an attorney takes extra time due to inexperience, or if an attorney performs tasks normally performed by paralegals, clerical personnel, or other non-attorneys. *See Sandoval v. Brown,* 9 Vet.App. 177 (1996). The Court "may properly reduce the number of hours claimed for time spent in duplicative, unorganized, or otherwise unproductive efforts." *Vidal v. Brown,* 8 Vet.App. 488, 493 (1996) (citing *Jordan v. U.S. Department of Justice,* 691 F.2d 514, 518 (D.C.Cir.1982)). Finally, the Court may consider whether [there are] additional factors derived from the "results obtained" which may or may not justify an adjustment: "First, did the plaintiff fail to prevail on claims that were unrelated to the

claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Elcyzyn,* 7 Vet.App. at 171 (citing *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933).

*Ussery,* 10 Vet.App. at 53; *see also Hensley,* 461 U.S. at 430 n. 3, 103 S.Ct. 1933 (identifying twelve factors from *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d. 714 (5th Cir.1974), to be used in assessing reasonableness of fees sought under 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Award Act of 1976); *see also Perry v. West,* 11 Vet.App. 319, 327–328 (1998) (quoting *Ussery,* 10 Vet.App. at 53). The Court in *Ussery* explicitly noted the Court's "responsibility to consider the reasonableness of hours expended" and did not *decline* to consider reasonableness or "eschew" its responsibility; the Court stated that the Secretary's unsupported allegation of unreasonableness did not warrant a reduction and specifically concluded that "the record does not reveal that there are any additional factors which would justify a reduction in fees based upon the 'results obtained'". *Ussery,* 10 Vet.App. at 54. Hence, the Secretary has apparently misconstrued a rejection of his unsupported attack upon the reasonableness of the fees sought in *Ussery* as a holding that in the absence of a supported attack on reasonableness the Court will look no further. That is contradicted by the plain language of *Ussery.* Moreover, very recently in *Perry,* the Court reemphasized that the Court, "acting in the same capacity as a U.S. District Court, has discretion to order a reduction in fees when the Court finds it appropriate, although we do not suggest that the Court is required to review for reasonableness in the absence of the Secretary's presenting evidence and a standard." *Perry,* 11 Vet.App. at 329.

Additionally, the Secretary's objection to the Court's decisions in *Moore* and *Sandoval* appears misplaced. In the *Moore* language to which the Secretary objects, the Court, after ordering a revised accounting by the appellant, stated: "If the Secretary files objections, the parties will be expected to attempt to resolve any differences, and a conference pursuant to Rule 33 of this Court's Rules of Practice and Procedure would be available to assist the parties in that endeavor." *Moore,* 10 Vet.App. at 442. The Court's opinion in *Moore* did not abjure review of the reasonableness of the fees sought in the accounting before it, and it did not decline subsequent review; it merely instructed the parties to settle the matter if possible. Such settlement by the parties can be validated by the Court without additional review. *See* U.S. Vet.App. R. 45(h) (amended by Misc. No. 3–98, (Apr. 30, 1998)) (allowing Clerk of the Court to act on EAJA application "when the Secretary does not contest the application"). Similarly, in *Sandoval,* the Court had specifically held "the 85 hours claimed by the appellant to be reasonable" before adding that the fact that the Secretary's assertions regarding excessive time "are mere allegations unsupported by evidence, is alone dispositive". *Sandoval,* 9 Vet.App. at 181.

▮ In short, the Secretary appears to mistake the Court's objections—in *Ussery, Moore,* and *Sandoval,* all *supra*—to the kind and quality of the bases for the Secretary's opposition to the reasonableness of claimed fees, for a de facto finding that those fees are reasonable or a shifting of a burden to the Secretary. *See also Vidal, supra* (rejecting Secretary's attempt to make comparisons with Social Security cases and other cases before the Court). However, as *Ussery* makes clear, it *is* incumbent upon the Court to permit an award only of reasonable fees. Nevertheless, that judicial obligation does not obviate the need for the *opposing party in the case* to raise timely opposition to the application and argument in favor of reduction. Likewise, we do not adopt the position of the appellant and amicus NOVA that as a general proposition under the EAJA the appellant's assertion of hours expended is assumed to be reasonable unless the Secretary persuades the Court to the contrary. Reply at 15; NOVA Br. at 6. We do not find that the cases cited support any such rule. Rather, we strike a middle ground.

▮ The Court has wide discretion in the award of attorney fees under the EAJA. *Hensley,* 461 U.S. at 437, 103 S.Ct. 1933;

*Chiu v. United States,* 948 F.2d 711, 713 (Fed.Cir.1991); *Vidal, supra.* Within that discretion, where the hours claimed are not (1) unreasonable on their face, (2) otherwise contraindicated by the factors itemized in *Hensley,* 461 U.S. at 430 n. 3, 103 S.Ct. 1933, or *Ussery, supra,* for measuring reasonableness, or (3) persuasively opposed by the Secretary, the appellant's sworn affidavit—setting out hours expended and tasks that those hours were expended upon, *see* American Bar Association Model Rules of Professional Conduct [hereinafter Model Rules] 3.3(a)(1) (lawyer shall not "knowingly ... make a false statement of material fact or law to a tribunal")—provides the uncontradicted benchmark for the "hours reasonably expended" that, multiplied by the appropriate hourly rate, will generally yield the fee to be awarded. *See Hensley,* 461 U.S. at 433, 103 S.Ct. 1933; *see also Vidal,* 8 Vet.App. at 488 ("neither the Secretary nor the record provides any basis for the Court to conclude that the total amount of requested attorney fees in this case is 'grossly inflated' "). In such a case, the appellant has carried "the burden of establishing entitlement to an award and [of] documenting the appropriate hours expended and hourly rates". *Hensley,* 461 U.S. at 437, 103 S.Ct. 1933.

### B. Special Circumstances

■ A court may not make an EAJA award to a party if it "finds ... that special circumstances make an award unjust". 28 U.S.C. § 2412(d)(1)(A). "Special circumstances" is an affirmative defense as to which the government bears the burden of raising and demonstrating that such special circumstances militate against an EAJA award. *See Perry,* 11 Vet.App. at 325; *Doria,* 8 Vet.App. at 163. *Doria* noted two species of special circumstances: "[S]ituations where the government proffers novel but credible extensions and interpretations of the law; and ... situations 'where equitable considerations dictate an award should not be made' ". *Id.* at 162. In *Perry,* the Court noted that it had "not precisely articulated what is contemplated by 'equitable considerations' dictating that an award should not be made, but ... seem[ed] to have adopted a definition of the equitable-considerations

prong of 'special circumstances' that predominantly relies upon 'unclean hands' ". *Perry, supra; see also Locher v. Brown,* 9 Vet.App. 535, 540 (1996); *Brinker v. Guiffrida,* 798 F.2d 661, 667–68 (3d Cir.1986); *Oguachuba v. INS,* 706 F.2d 93, 99 (2d Cir.1983).

■ In the instant matter, the Secretary specifically contends that the appellant has "unclean hands" because the lack of specificity in his initial itemization of hours expended prompted the litigation over the fee agreement and because he had initially contended that the veteran's claims file was larger than he now concedes. *Compare* Appellant's January 9, 1998, Reply to Appellee's Response to EAJA Application at 21 (stating that claims file "consisted of three unruly stacks of documents, each 3" to 4" thick") *with* Appellant's February 10, 1998, Answer Regarding the Size of Appellant's Claims File at 1 (conceding that file amounted to 350 to 400 pages). However, as we said in *Perry,* "[e]ven assuming, without deciding, that a special-circumstances affirmative defense ('that special circumstances make *an award* unjust', 28 U.S.C. § 2412(d)(1)(A)) is available to bar some but not all EAJA fees sought," *Perry,* 11 Vet.App. at 326, the Court concludes again that any reduction of the fees for fees sought is best decided under the reasonableness standard—where the Secretary's concerns are equally applicable—and where the Court is accorded considerable discretion in the award of reasonable fees. *See Perry,* 11 Vet.App. at 329; *Elcyzyn,* 7 Vet.App. at 177 ("court has considerable 'discretion' and 'flexibility' in determining 'the amount of the fee award' ") (quoting *Commissioner, INS v. Jean,* 496 U.S. 154, 160–61, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990)); *see also Hensley, Chiu,* and *Vidal,* all *supra.*

### C. Reasonableness of Fees

As outlined in part II.A., above, once the Court has determined that *some* EAJA fees are to be awarded—as is uncontested here—it must then determine what constitutes a "reasonable" fee in the case. *See* 28 U.S.C. § 2412(d)(2) (" 'fees and other expenses' includes ... reasonable attorney fees"); *Ussery,* 10 Vet.App. at 53.

### 1. Reasonableness of Fees for Merits Work

As to the fees for work on the merits, the Secretary argues, in sum, that the case lacked complexity, that there is a well-established body of law on the CUE issue that occasioned the remand, that the quantity of necessary work was minimal, that the appellant's attorney's work on the joint motion was ministerial or nonsubstantive, and that all these factors combine to make a complete award of the claimed fees unreasonable. Response at 14. Additionally, the Secretary objects specifically to the 19.14 hours partly claimed for an analysis of the case prepared by a representative of the Veterans Pro Bono Program (1 hour) and partly claimed for researching the law relating to the duty to assist (6.67 hours); to the *Bell v. Derwinski*, 2 Vet.App. 611 (1992), duty to include certain documents in the record (1.17 hours); to new and material evidence (0.8 hours); to reduction in disability compensation ratings (4 hours); and to title 38 of United States Code and title 38 of the Code of Federal Regulations generally (5.5 hours). Surresponse at 7, 9–10.

In his principal response, the Secretary—on the basis of the exhibits demonstrating EAJA fees sought in other applications in this Court—argues for reductions in the hours claimed by the appellant. The Court appreciates that the Secretary is attempting to answer this Court's admonition in *Ussery* that "[u]nsupported allegations of excessive time expended are insufficient to justify a reduction in hours", *Ussery* 10 Vet.App. at 54, by supporting his opposition to the hours claimed by the appellant with comparisons to other EAJA applications submitted here. In *Vidal*, the Court concluded that, in assessing the reasonableness of the number of hours claimed in an EAJA application, "each case stands on its own evaluation and is not easily comparable with any other case". *Vidal*, 8 Vet.App. at 493. Although the Court acknowledges that such a comparison is not impossible—*Vidal* stated only that cases were not "easily comparable", *ibid.; see also Hensley*, 461 U.S. at 430 n. 3, 103 S.Ct. 1933 (listing "awards in similar cases" as one factor to be considered in determining award of

attorney fees under 42 U.S.C. § 1988)—we do not find that the selection of EAJA applications, which the Secretary states, but the appellant and amici strongly contest (Reply at 25–30; NOVA Br. at 7–9; NVLSP Br. at 4–8), were "randomly[ ]drawn" (Secretary's Response at 17) or are sufficiently "similar" to provide useful comparison in this case. The appellant and the amici point out, for example, that most of the cases involve counsel experienced in veteran's law (the Court notes that in approximately 15 cases the counsel's professional work is devoted or substantially devoted to litigation in this Court); and that there is no evidence to show that the sample is statistically significant or randomly selected or that the chosen cases are similar in size, scope, and complexity to the instant case. Reply at 26–27, exhibit 3; NOVA Br. at 7–9; NVLSP Br. at 5–6. Moreover, we suspect that virtually any effort at "sampling" will be contested by counsel for an appellant and the amici here and will tend to produce the "second major litigation" over fees for fees that the Supreme Court cautioned against in *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933. There is also a risk that the development of benchmarks and guidelines for certain types of cases could be reviewed as minimums or entitlements.

Upon review of the hours claimed by the appellant for work performed on the merits—and in light of the additional reductions made as an exercise in billing judgment by the appellant's counsel—the Court finds the hours claimed to be reasonable except for a portion of those claimed for research. As to those hours, the Court agrees in part with the Secretary that not all of the time claimed for researching the law related to the duty to assist (6.67 hours), to the *Bell* duty to include certain documents in the record (1.17 hours), to new and material evidence (0.8 hours), and to reduction in ratings (4 hours) is reasonable in light of the fact that those subjects are unconnected to the subject matter of the remand of the appellant's CUE claim (ordered for the purpose of the Board's addressing all the evidence of record and providing an adequate statement of reasons or bases under 38 U.S.C. § 7104(d)(1)). *See Perry*, 11 Vet.App. at 329–330 (reduction of hours warranted where not all hours claimed

were expended solely on preparation of joint motion). However, the Court is unwilling to conclude that at least *some* general research in these areas was not warranted in light of the numerous issues identified in the screening memorandum prepared by the Veterans Pro Bono Consortium Program as counsel-for-the-appellant's introduction to the case. *See* Appellant's Reply at 10–12; *id.* at Exhibit 1. Counsel for the appellant had a responsibility to examine those issues and satisfy himself that the BVA decision did not contain prejudicial error beyond that which the Secretary was offering to concede by way of a joint motion. *See* Model Rules 1.1, 1.3 (requiring counsel to provide diligent and competent representation on behalf of client); *Jaffee v. Redmond,* 142 F.3d 409, 414, 416–17 (7th Cir.1998) ("time reasonably spent on an unsuccessful argument in support of a successful claim" is compensable, in part because to deny fees for "zealous advocacy that was appropriately provided ... would be at odds with the norms of professional responsibility"). The Court will thus reduce the 12.64 hours claimed for the above-itemized research by one-third, resulting in a reduction in the total hours to be awarded of 4.21.

■ The 5.5 hours claimed for general research into title 38 of the United States Code and title 38 of the Code of Federal Regulations is expected background research for which an attorney will generally not bill a client and therefore will be disallowed. *See Ramos v. Lamm,* 713 F.2d 546, 553–54 (10th Cir.1983); *id.* at 554 n. 3 ("[i]f the inexperience of counsel requires the unusually large number of hours, the adversary should not be required to pay for more than the normal time the task should have required"). In contrast, the one hour (which the Secretary challenges) claimed for analyzing case briefs prepared by a representative of the Veterans Pro Bono Program is reasonable and consistent with the attorney's duty to provide zealous representation. *See Jaffee, supra.* The Secretary's arguments that the appellant's attorney did not make a major contribution to the preparation of the joint motion for remand echos arguments pressed by the Secretary in *Perry.* There the Court, in making clear that it was not the function of counsel for an appellant merely to rubber-stamp the

work of VA counsel or to restrict his or her examination to those issues that VA counsel considered relevant, stated the following: "[S]ome time subsequent to the filing of that remand motion could have justifiably been devoted to the appellant's counsel's reviewing that motion, determining the propriety of accepting it and the extent to which it supplied complete relief, communicating about these matters with counsel for the Secretary, and preparing an appropriate pleading in response." *Perry,* 11 Vet.App. at 328.

Thus, of the 105.1 hours claimed by the appellant for work on the merits, and including 3 hours for preparation of the original EAJA application, the Court will allow 95.39.

### 2. Fees for Work on EAJA Application and Litigation

■ The Secretary objects strenuously to the number of hours claimed by the appellant for litigation over the EAJA application itself, arguing that that litigation was largely occasioned by deficiencies in his initial itemization of hours expended and representations regarding the size of the record on appeal and that, therefore, the Court should allow only half of the 163.825 hours claimed for that work. The Court agrees with the Secretary that some of the work expended in pursuit of the EAJA application was occasioned by problems in the appellant's EAJA pleadings and that these problems protracted the litigation. However, the Court notes that the insufficiency of the itemization of hours expended was *not* part of the Secretary's original opposition to the EAJA application—which focused upon the lack of complexity in the case, the contribution of the appellant's counsel to the joint motion, the size of the record, and the use of other EAJA applications for comparison, Secretary's Response at 15–20—and was first raised by this Court at oral argument. In short, the bulk of this litigation was *not* occasioned by any failure on the appellant's part but, rather, by the Secretary's decision to use this case to mount a major challenge to an EAJA application and to attempt to obtain what the Secretary believed was a necessary modification in the law applicable to determining the type and amount of hours that are compensa-

ble under the EAJA. Nonetheless, in light of the fact that *some* of the litigation was occasioned by a lack of detail in the appellant's original EAJA application, the Court will disallow fifty percent of the time claimed (24.5 hours) for preparing the appellant's February 10, 1998, pleading that corrected the misstatement concerning the size of the appellant's claims file (3.5 hours on February 9 and 10, 1998) and for preparing the supplemental itemization ordered by the Court on June 18, 1998 (21 hours from June 23, 1998, to June 30, 1998)—a reduction totaling 12.25 hours. The Court believes that some of those hours would have been compensable had they been expended to provide greater detail in the original application. Of the 163.825 hours claimed by the appellant for EAJA work, the Court finds 151.575 (163.825 minus 12.25) hours to be reasonable.

### 3. Fees for Expenses

The Secretary does not contest any costs and expenses sought by the appellant. *See Vidal,* 8 Vet.App. at 495 (Secretary did not contest amount of costs and expenses and that amount was awarded); *Camphor v. Brown,* 8 Vet.App. 272, 278 (1995) (same), *recons. denied,* 8 Vet.App. 483 (1996). The Court thus allows the $947.82 sought for costs and expenses.

### 4. Total Fees and Expenses Awarded

Thus, of the 105.1 hours sought by the appellant for work on the merits, including the original EAJA application, the Court finds 95.39 to be reasonable and awards $12,262.38. Of the 163.825 hours sought for EAJA work, the Court finds 151.575 to be reasonable and awards $19,701.72. The Court has allowed the $947.82 sought for costs and expenses.

### III. Conclusion

Upon consideration of the foregoing analysis and the pleadings of the parties, the Court grants the appellant's EAJA application in the reduced amount for fees and expenses of $32,911.92, which reflects the reductions of approximately 32 hours and $4,100 itemized above. The appellant's September 11, 1997, motion to have his EAJA application considered unopposed is dismissed as moot.

The Court is grateful to the amici and the parties for all their assistance at oral argument and in their capable pleadings.

APPLICATION GRANTED IN PART AND DENIED IN PART.